1

2

3

4

5

6

7

8

9

10

11

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY  *sny*                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

12  LUIS ALCARAZ,                          )   Case No.  CV 11-07810 PA (AN)
                                           )
13          Petitioner,                    )
                                           )   ORDER ACCEPTING THE FINDINGS
14      v.                                 )   AND RECOMMENDATION OF THE
                                           )   UNITED STATES MAGISTRATE JUDGE
15  RANDY GROUNDS, Warden,                 )
                                           )
16          Respondent.                    )
                                           )

17

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the

19  Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objections

20  (dkt. 19). Further, the Court has completed a *de novo* review of those portions of the

21  R&R to which Petitioner has objected.

22          IT IS ORDERED that:

23          1.      The Objections are overruled for the reasons set forth in the R&R and the

24  following reasons.

25          There is no merit to Petitioner's contention that, at the time the state courts

26  rejected his related Sixth Amendment claim, the holdings in *Melendez-Diaz* and

27  *Bullcoming* constituted clearly established Sixth Amendment Confrontation Clause law

28  (Objections at 4-7) because this contention is conclusively rebutted by the Ninth

1 Circuit's recent opinion in *Meras v. Sisto*, No. 09-15399, --- F.3d ----, 2012 WL
2 1382857, *2-5 (9th Cir. Apr. 23, 2012).

3      Further, there is no merit to Petitioner's contention that, in concluding his
4 ineffective assistance of counsel claims lacked merit, the Court "essentially find[s] that
5 . . . the tent incident was not important" when instead it "should have focused 'on the
6 fundamental fairness of the proceeding whose result is being challenged.'" (Objections
7 at 11.) Petitioner's contention is flawed because it fails to recognize that, in the R&R,
8 the Court explains Petitioner failed to satisfy the prejudice prong of *Strickland*
9 precisely because further action by his trial counsel to investigate the tent incident
10 would not have changed the verdict. (R&R at 23-24.) In other words, the Court found
11 counsel's alleged omission did not affect the fundamental fairness of the proceeding.

12      The Court also rejects Petitioner's erroneous assertion that "[e]ssentially, the
13 R&R finds that Petitioner would have been convicted no matter what trial counsel did
14 or did not do, because he admitted to police that he had intercourse with SA."
15 (Objections at 12.) To the contrary, as explained in the R&R, the Court found, because
16 Petitioner's admission to the police was overwhelming and persuasive evidence of his
17 guilt in light of the other evidence, defense counsel selected a reasonable trial strategy
18 to the extent he chose to focus his efforts on attacking that evidence. (R&R at 27.)

19      2.     The Court accepts the findings and recommendation of the R&R.

20      3.     Judgment shall be entered denying the Petition and dismissing this action
21 with prejudice.

22      4.     All motions are denied as moot and terminated.

23      IT IS FURTHER ORDERED that the clerk of the Court shall serve a copy of this
24 Order and the Judgment on all counsel or parties of record.

25

26

27

28 Dated: May _8_, 2012                    _____
                                              PERCY ANDERSON
                                              UNITED STATES DISTRICT JUDGE